■ Allstate Insurance Company, Respondent, v Motor Vehicle Accident Indemnification Corporation, Appellant, et al., Defendants.—Judgment unanimously affirmed, without costs. Memorandum: Defendant contends that because of defects in the office procedures employed by the premium finance company in mailing notices of intention to cancel insurance policies, the policy which underlies this dispute was not effectively canceled under Banking Law § 576 (1) (a). Even assuming that proof of mailing was insufficient, there should be an affirmance.

Certain facts are undisputed. The insured failed to make any payments after his initial default; defendant acknowledges that the finance company's procedures for mailing notices of cancellation were proper (see, Banking Law § 576 [1]

[d]); a certificate of mailing the notice of cancellation to the insured was produced; and the accident which gives rise to this dispute did not happen until more than seven months after the notices of cancellation were mailed. There can be no doubt that the insured knew that his policy had been canceled *(see, Matter of Pagan v MVAIC,* 43 AD2d 671) and he had ample time to apply for another. Since all of the purposes of mailing the notice of intention to cancel were thus served *(see, Matter of Fagan v Liberty Mut. Ins. Co.,* 85 AD2d 637), any defect in proof of mailing bears no relationship to the insured's failure to have an insurance policy in force at the time of the accident. (Appeal from judgment of Supreme Court, Monroe County, Maas, J.—declaratory judgment.) Present— Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.