■ RESIDENTIAL HOLDING CORP., Appellant, v SCOTTSDALE INSURANCE COMPANY et al., Respondents. [729 NYS2d 776] —In an action, *inter alia,* to recover damages for breach of an insurance contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered October 11, 2000, which, upon denying its motion to dismiss certain affirmative defenses asserted by the defendants, and upon granting the defendants' separate cross motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, is in favor of the defendants and against it dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiff contacted its broker, the defendant Insurance Agency Express of N. Y., Inc., t/a Insurance Express of N. Y., Inc. (hereinafter Insurance Express), to obtain insurance for certain real property. A commercial property insurance policy was issued by the defendant Scottsdale Insurance Company (hereinafter Scottsdale) through its agent, the defendant America's Insurance Center (hereinafter AIC), for the period of

June 20, 1997, to June 20, 1998. On May 7, 1998, the property was damaged by fire. Scottsdale disclaimed coverage for the loss on the ground that the policy had been cancelled effective October 2, 1997, pursuant to a notice of cancellation sent by AIC to the plaintiff on September 2, 1997.

The plaintiff subsequently commenced this action alleging that Scottsdale breached the insurance contract by disclaiming coverage and that AIC and Insurance Express were negligent in failing to notify the plaintiff of the cancellation. In their separate answers, each of the defendants asserted, among other affirmative defenses, that the policy was properly cancelled. After discovery was conducted, the plaintiff moved to dismiss those affirmative defenses and the defendants separately cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. The Supreme Court denied the plaintiff's motion and granted the cross motions.

The Supreme Court correctly concluded that the notice of cancellation complied with the terms of the policy and was properly mailed to the plaintiff. Generally, proof of proper mailing gives rise to a presumption that the item was received by the addressee (*see, Matter of Rodriguez v Wing,* 251 AD2d 335; *Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776). The presumption may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed (*see, Tracy v William Penn Life Ins. Co.,* 234 AD2d 745; *Pardo v Central Coop. Ins. Co.,* 223 AD2d 832). Here, the deposition testimony of AIC's president, a certificate of mailing, and a mailing ledger signed and date-stamped by a U.S. Postal Service employee established the actual mailing of the notice of cancellation to the plaintiff, giving rise to a rebuttable presumption of delivery (*see, Pardo v Central Coop. Ins. Co., supra; Pressman v Warwick Ins. Co.,* 213 AD2d 386; *Hughson v National Grange Mut. Ins. Co.,* 113 AD2d 1031). The plaintiff failed to submit proof sufficient to rebut the presumption (*see, Pardo v Central Coop. Ins. Co., supra; compare, Matter of Holland v New York City,* 271 AD2d 609). Since the policy was properly cancelled, Scottsdale did not breach the insurance contract by disclaiming coverage.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.