*34 OPINION OF THE COURT
Memorandum.
Order reversed without costs, plaintiffs motion for summary judgment granted and matter remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff’s motion for summary judgment was supported by an affirmation of counsel, an affidavit by a corporate officer of plaintiff, and various documents annexed thereto. Inasmuch as defendant raised no issue in the court below or on appeal with respect to plaintiffs establishment of its prima facie case, we do not pass on the propriety of the implicit determination of the court below with respect thereto.
As plaintiff correctly asserted in the court below and on appeal, notwithstanding the fact that the denial of claim forms were timely on their face, defendant failed to establish that any of the forms were timely mailed within the prescribed 30-day period (11 NYCRR 65-3.8 [c]). Defendant’s opposition papers lacked any documentary proof or an affidavit of a representative of defendant which would sufficiently demonstrate either actual mailing of the denials or give rise to a presumption of mailing (see New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]; Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co., 16 AD3d 564 [2005]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Accordingly, defendant was precluded from raising its proffered defense of lack of medical necessity as to the three claims in question (see e.g. Rigid Med. of Flatbush, P.C. v New York Cent. Mut. Fire Ins. Co., 11 Misc 3d 139[A], 2006 NY Slip Op 50582[U] [App Term, 2d & 11th Jud Dists 2006]), and plaintiff was therefore entitled to summary judgment.
In view of the foregoing, plaintiffs motion for summary judgment is granted, and the matter is remanded to the court below for the calculation of statutory interest and an assessment of attorney’s fees pursuant to Insurance Law § 5106 (a) and the regulations promulgated thereunder.