OPINION OF THE COURT
Memorandum.
Judgment affirmed without costs. Plaintiff Dr. Albert Davydov, DDS, commenced the instant action to recover assigned first-party no-fault benefits for dental services rendered. After a nonjury trial, the Civil Court rendered a decision in favor of plaintiff in the principal sum of $6,569.27. This appeal by defendant ensued. A judgment was subsequently entered.
Defendant’s contention that plaintiff lacks standing since the assignment of the no-fault benefits executed by plaintiffs assignor was in favor of Dr. Albert Davydov, DDS, EC. rather than Dr. Albert Davydov, DDS is without merit. A copy of the assignment accompanied plaintiffs claim form, and the discrepancy was apparent on its face. Defendant did not seek verification with respect to the assignment, and its denial of claim form did not deny the claim on the ground that the assignment was defective. As a result, defendant is now precluded from litigating this issue (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312 [2007]; P.L.P. Acupuncture, P.C. v Travelers Indem. Co., 19 Misc 3d 126[A], 2008 NY Slip Op 50484[U] [App Term, 1st Dept 2008]).
A provider establishes a prima facie entitlement to judgment as a matter of law by submitting proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (see Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 *21 [2004]). In the instant case, Dr. Davydov’s testimony and the exhibits admitted into evidence were sufficient to satisfy plaintiffs burden. Contrary to defendant’s contention, the elements of a prima facie case to recover assigned first-party no-fault benefits do not differ based upon the nature of the services provided by the plaintiff provider (see Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129 [2008]; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]; Mary Immaculate Hosp., 5 AD3d 742 [2004]).
Defendant contends that the trial court improperly curtailed defendant’s cross-examination and direct examination of Dr. Davydov. Defense counsel attempted to question Dr. Davydov regarding the medical necessity of the services rendered and whether the amount charged exceeded the amount set forth in the fee schedule. Since the parties did not stipulate to the timeliness of the denials, it was defendant’s burden to establish that it timely denied plaintiffs claims so as to demonstrate that defendant’s proffered defenses were not precluded. Inasmuch as defendant called no witnesses and presented no evidence to show that its denials were timely mailed, defendant failed to establish that said defenses were not precluded (see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 282 [1997]; Delta Diagnostic Radiology; P.C. v Republic W Ins. Co., 15 Misc 3d 33 [App Term, 2d & 11th Jud Dists 2007]). Consequently, the court properly curtailed examination of the witness with respect thereto.
Accordingly, the judgment is affirmed.
Golia, J. (dissenting and voting to reverse the judgment and dismiss the complaint in the following memorandum). I find that plaintiff Dr. Albert Davydov, DDS was without standing to prosecute the instant proceeding. I conclude, contrary to the holding by the majority, that the factual circumstances of the instant matter are inapposite to the Court of Appeals’ holding in Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co. (9 NY3d 312 [2007]).
In Hospital for Joint Diseases, the plaintiff medical provider submitted a claim form along with an assignment of benefits form that did not contain any signature, but which stated that the patient’s signature was “on file.” The insurance carrier in that case did not ask for further verification or demand a copy of the original document containing the signature that was purportedly “on file.” It eventually denied the claim on the *22 grounds that such assignment was invalid and therefore the plaintiff did not have standing to prosecute the claim. The Court of Appeals held that inasmuch as the carrier was precluded from raising any affirmative defense as to the validity of the assignment of benefits form due to its failure to timely seek verification, it could not now contest the validity of such assignment. Therefore, the plaintiff therein had standing to bring the action and the assignment was deemed to be valid.
There is, however, a vitally important difference between that case and this one. In Hospital for Joint Diseases, the assignment of benefits form was drawn to the benefit of the plaintiff “Hospital for Joint Diseases,” whereas in the present case the subject assignment of benefits form is drawn to the benefit of an entirely different entity than this plaintiff who now seeks to benefit from the assignment.
In that case, the Court of Appeals found the assignment cannot be assailed and must be deemed valid. In this case, in light of defendant’s failure to seek appropriate verification, I do not suggest that the subject assignment of benefits form was not valid. Quite the contrary, I accept its validity. Nevertheless, I take exception to the holding of the majority inasmuch as the “valid” assignment of benefits form does not inure to the benefit of the person who is prosecuting this claim, to wit: the named plaintiff herein, Dr. Albert Davydov, DDS, individually.
To overlook this important distinction would be to say that “John Jones,” the Chairman of the Board of the Hospital for Joint Diseases, could properly demand that Travelers Property and Casualty Insurance Company make payment to his personal account merely because the carrier chose not to seek a verification of an assignment made to the benefit of the Hospital for Joint Diseases.
This court should not discount the important distinction that the assignee and the claimant are two very different and independent entities simply because the individual plaintiff/claimant is Dr. Albert Davydov, DDS and the assignee is named Dr. Albert Davydov, DDS, PC. I would suggest that Dr. Davydov himself would argue vociferously that he as an individual has no obligation to pay the debts or expenses that might be incurred by Dr. Albert Davydov, DDS, EC. and vice versa. That would be his right, for which fault would not attend. However, since he has chosen to conduct his business affairs in a corporate status, he cannot now choose to prosecute the claims of that corporate entity in favor of himself individually.
*23 There is only one assignee herein and that assignee is not the plaintiff.
Pesce, EJ., and Weston, J., concur; Golia, J., dissents in a separate memorandum.