■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Appellant, v JULIA AKINYOOYE et al., Respondents. ALLSTATE INSURANCE COMPANY, Proposed Additional Respondent. [893 NYS2d 882]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), entered December 18, 2008, which, upon an order of the same court dated October 24, 2008, denying that branch of the petition which was to permanently stay arbitration, dismissed the proceeding with prejudice and, in effect, directed the parties to proceed to arbitration.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, the Supreme Court properly found, upon documentary submissions in lieu of a framed-issue hearing, that Allstate Insurance Company demonstrated that its insured was provided with a notice of intent to cancel and a cancellation notice fully compliant with Banking Law § 576, more than one year prior to the subject accident (*see Crump v Unigard Ins. Co.*, 100 NY2d 12, 16 [2003]; *Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830 [1978]; *St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co.*, 50 AD3d 1123, 1124 [2008]; *Matter of Autoone Ins. Co. v Zanders*, 50 AD3d 682 [2008]; *Shia v McFarlane*, 46 AD3d 320, 321 [2007]; *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]; *Allstate Ins. Co. v Motor Veh. Acc. Indem. Corp.*, 115 AD2d 264, 265 [1985]). Accordingly, the Supreme Court properly, in effect, directed the parties to proceed to arbitration.

The petitioner's remaining contention is without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.