OPINION OF THE COURT
C. Stephen Hackeling, J.
Ordered that the defendant’s application for summary judgment is granted in part and denied in part. This action is for medical provider first-party no-fault benefits. Plaintiff raises the threshold issue of whether this application is timely, and asserts that it is procedurally barred as it was made later than 120 days following the filing of the notice of trial.
Summary Judgment Procedural Distinction
Supreme vs. District Court
The 120-day requirement is found in CPLR 3212 (a). Pursuant to this statute, applications for summary judgment relief must be made no later than 120 days after filing of the “note of issue,” unless the court has set an earlier date. The note of issue is part of the calendar practice of the supreme and county courts. It is not utilized in District Court practice, in which a “notice of trial” is employed (compare CPLR 3402 and 22 NYCRR 202.21, with UDCA 1301 and 22 NYCRR 212.17 [a]). In enacting the 120-day requirement for summary judgment motions in supreme and county courts, the legislature chose not to enact an amendment to the Uniform District Court Act or to otherwise expressly provide that the reference in CPLR 3212 (a) to the note of issue should be treated as a reference to the notice of trial. The legislature’s election to differentiate between a “notice of trial” and a “note of issue” in fashioning its 120-day section 3212 (a) limitation must be respected. In construing New York’s statutes, the legislature has proscribed that the court follow the Latin maxim “expressio unius est exclusio alteráis,” i.e., “where a law expressly describes a particular act. . . an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; see also Doyle v Gordon, 158 NYS2d 248 [Sup Ct, NY County 1954].)
Additionally, although UDCA 1001 reads, in part, that “[m]otion practice in [district] court, including time provisions for the making ... of motions . . . shall be governed by the CPLR,” this provision is not a basis for applying the 120-day *930 time limitation of CPLR 3212 (a) to summary judgment motions in this court, as the latter statute only refers to the note of issue. If ever UDCA 1301 and the court rules are amended to require a note of issue instead of a notice of trial, the UDCA 1001 120-day limitation found in CPLR 3212 (a) will apply here. At present, however, the legislature appears to have deemed the litigation delays once existing in supreme and county court calendar practice (which it addressed in 1996 by adding the 120-day limitation to CPLR 3212 [a]) to be of insufficient magnitude in District Court to apply the limitation here. The court is also persuaded by Judge Straniere’s opinion in Panicker v Northfield Sav. Bank (12 Misc 3d 1153[A], 2006 NY Slip Op 50880[U] [Civ Ct, Richmond County 2006]), holding that the 120-day limitation of CPLR 3212 (a) is inapplicable to Civil Court summary judgment motions. Accordingly, the defendant’s application is not barred as untimely, and the court will consider it upon the merits.
Summary Judgment on the Merits
The proponent of an application for summary judgment must make a prima facie showing of its entitlement to judgment as a matter of law. Should it fail to do so, its motion must be denied. However, once it makes a prima facie showing, but not until then, the party opposing summary judgment must show the existence of factual issues requiring trial. If the opposing party makes this showing then, again, the motion must be denied. When the opposing party has not shown the existence of factual issues for trial, the proponent having established its prima facie case, summary judgment in favor of the proponent is appropriate (see CPLR 3212 [b]).
Contrary to plaintiffs position, the affidavits of defendant’s litigation examiner and mail service establish that defendant made partial payment and partial denial of plaintiffs claim in timely fashion. Taken together, these affidavits create a presumption of mailing by “proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed.” (See Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2d Dept 2001].) The plaintiff has submitted no evidentiary proof to rebut this presumption.
Plaintiff, a health services provider, rendered his services to his assignor over 44 days from January 26, 2000 to May 23, 2000. The dispute with respect to the partial denial of much of plaintiffs claim concerns defendant’s application of ground rule *931 11 of the medical fee schedule, which limits the payment for multiple procedures and modalities performed on the same day to the services plaintiff billed using current procedural terminology (CPT) codes 97010, 97032 and 97250. Defendant has made a prima facie showing that its interpretation and application of rule 11 is correct, and in its opposition plaintiff does not offer an adequate challenge to defendant’s interpretation. Defendant’s motion for summary judgment dismissing these portions of plaintiffs claims is granted.
Defendant also disallowed a portion of plaintiffs claims for March 13, 2000 and April 17, 2000 services under CPT code 99204 (code used by defendant in denying claim) or 99205 (code used by plaintiff in submitting claim). Whichever code is correct, both of them apply to office or other outpatient visits of new patients for purposes of evaluation and management. As the assignor was not a new patient, the denial of these portions of plaintiffs claim was proper. The defense application for summary judgment dismissing these items of plaintiff’s claim is granted.
Part of plaintiffs claim for January 31, 2000 was under CPT code 99213. Defendant has demonstrated that the computation of the amount for the service provided was incorrect, that the amount it paid was the correct amount, and that the plaintiff has not challenged defendant’s showing. Summary judgment dismissing this part of plaintiffs claim is also granted.
The remaining disputes concern parts of the claim for services provided on January 27, 2000 and May 23, 2000. For January 27, 2000, plaintiff submitted its claim under CPT code 99244, which applies to office consultations. Defendant deemed the correct CPT code to be 99204, which applies to office visits, and made partial payment which accorded with the amount payable using CPT code 99204. Similarly, for May 23, 2000, plaintiff submitted a claim using CPT code 99214, which is for office or other outpatient visits that involve medical decision-making of moderate complexity. Defendant based its payment on CPT code 99213, for office or other outpatient visits involving medical decisionmaking of low complexity.
The defendant has submitted the affidavit of its certified professional coder in support of its application. In explaining her determination that CPT code 99204 should apply instead of CPT code 99244, the coder makes a conclusory allegation that “[biased on the submitted documentation, the 99204 code better reflects the service rendered” (affidavit of Jeanne MacLeod *932 Lang, Dec. 1, 2009, If 12). Nothing is offered to explain her conclusion that 99204 is the better code. No mention is made at all of the determination to apply CPT code 99213 instead of 99214 for the May 23, 2000 claim. Defendant has failed to establish a prima facie case that it properly paid plaintiff for these two services, and so summary judgment with respect to them is inappropriate (CPLR 3212 [b]).
Accordingly, defendant’s motion for summary judgment is granted except for the following portions of plaintiffs claim, described as they appear on plaintiffs claim forms: (1) January 27, 2000, office, initial consultation visit, 99244, $182.18, and (2) May 23, 2000, office, follow-up visit, 99214, $71.