OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that the branches of plaintiffs motion seeking summary judgment on the third through ninth causes of action are denied; as so modified, the order is affirmed, without costs.
*92 In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved to compel plaintiff to produce Gracia Ma-yard, M.D., and Richard Berardi, D.O., for depositions regarding “treatment” and plaintiffs “billing practices.” In opposition to plaintiffs motion, defendant proffered the defense that Drs. Mayard and Berardi had failed to appear for examinations under oath (EUOs). The Civil Court granted plaintiffs motion and denied defendant’s cross motion, finding, among other things, that defendant had failed to raise a triable issue of fact in opposition to plaintiffs motion for summary judgment because it had violated Insurance Department Regulations (11 NYCRR) § 65-3.5 (e) by scheduling the EUOs outside the county in which plaintiff is located, and that defendant had “failed to establish a wilful noncompliance with the EUO request.”
Since defendant raises no issue on appeal with regard to plaintiffs establishment of a prima facie case, we do not pass upon the propriety of the Civil Court’s determination with respect thereto. Furthermore, we find that the defenses upon which defendant bases its request for the depositions of Dr. Ma-yard and Dr. Berardi, regarding “treatment” and plaintiff’s “billing practices,” are precluded (see Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Delta Diagnostic Radiology, P.C. v Republic W. Ins. Co., 15 Misc 3d 33 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]). Accordingly, defendant is not entitled to the denial of plaintiffs motion pursuant to CPLR 3212 (f) or to have its cross motion to compel the depositions granted (see ARCO Med. N.Y., P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; A.B. Med. Servs. PLLC v Utica Mut. Ins. Co., 11 Misc 3d 71, 73 [App Term, 2d Dept, 2d & 11th Jud Dists 2006]).
Turning to plaintiffs motion for summary judgment, we find that the branches of the motion seeking summary judgment on the first two causes of action were properly granted. Defendant admits that it received plaintiffs claims comprising those causes of action on December 26, 2006 and December 29, 2006, respectively, and it is undisputed that the claims were not paid or denied within 30 days of their receipt. Nor does defendant claim that the EUOs of Drs. Mayard and Berardi were requested, or pending, during that time. We note that defendant’s January 15, 2007 letter purporting to delay payment of the claims is insufficient to toll the 30-day statutory time period *93 within which a claim must be paid or denied (see Points of Health Acupuncture, P.C. v Lancer Ins. Co., 28 Misc 3d 133[A], 2010 NY Slip Op 51338[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Accordingly, defendant failed to demonstrate that these two claims had been timely denied and therefore it has not established that its defense, that plaintiff failed to comply with a condition precedent to coverage, is not precluded as to these two causes of action (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046 [2009]; cf. Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559 [1st Dept 2011]).
However, defendant did raise a triable issue of fact with respect to the third through ninth causes of action by demonstrating that the time to pay or deny the claims comprising those causes of action had been tolled by the timely issuance of EUO scheduling letters, that the doctors had failed to appear for either of two properly scheduled EUOs, and that the claims had been timely denied on April 10, 2007 (see ARCO Med. N.Y., P.C., 2011 NY Slip Op 52382[U]).
We note that there is no merit to the reasons given by the Civil Court in finding that defendant had not raised a triable issue of fact in response to plaintiffs motion for summary judgment. First, there is nothing in the no-fault regulations prohibiting an insurer from scheduling an EUO outside the county in which the applicant is located (cf. CPLR 3110 [regarding where a deposition shall be taken]). Insurance Department Regulations (11 NYCRR) § 65-3.5 (e) requires only that “[a] 11 examinations under oath and medical examinations requested by the insurer shall be held at a place and time reasonably convenient to the applicant,” and the Civil Court did not make a finding that the location chosen for the subject EUOs was not reasonably convenient to the applicant. Furthermore, appearance at an EUO is a condition precedent to coverage (see Insurance Department Regulations [11 NYCRR] § 65-1.1; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; W & Z Acupuncture, P.C. v Amex Assur. Co., 24 Misc 3d 142[A], 2009 NY Slip Op 51732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), and there is no requirement that defendant establish willful noncompliance with an EUO request.
In light of the foregoing, the order is modified by providing that the branches of plaintiffs motion seeking summary judgment on the third through ninth causes of action are denied.
Pesce, PJ., Weston and Rios, JJ., concur.