Compas Medical, P.C. as Assignee of Naija Lowery, Respondent, -
against
New York Central Mutual Fire Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Dawn Jimenez Salta, J.), entered July 31, 2012. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the third cause of action on the ground that defendant had never received the claim underlying that cause of action, and dismissing the remaining causes of action on the grounds that defendant had timely and properly denied the relevant claims based upon plaintiff's assignor's failure to appear for duly scheduled independent medical examinations (IMEs) and that the fees sought exceeded the amounts permitted by the workers' compensation fee schedule. In addition, defendant alleged that the claim underlying the sixth cause of action had been untimely submitted. Plaintiff cross-moved for summary judgment. By order entered July 31, 2012, insofar as appealed from, the Civil Court denied defendant's motion. While defendant submitted properly sworn statements by the chiropractor and doctor who had been scheduled to perform the IMEs, neither health care professional demonstrated personal knowledge of the nonappearance of plaintiff's assignor for the examinations. Therefore, defendant failed to establish, with respect to the first, second, and fourth through seventh causes of action, its entitlement to judgment as a matter of law dismissing these claims on the ground that plaintiff's assignor had failed to appear for duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Quality Health Prods. v Hertz Claim Mgt. Corp., 36 Misc 3d 154[A], 2012 NY Slip Op 51722[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
The affidavit of defendant's no-fault litigation examiner established that defendant had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) the denial of claim form underlying the sixth cause of action, which also denied the claim on the ground that plaintiff had failed to submit written proof of claim to defendant within 45 days of the services rendered (see 11 NYCRR 65-2.4 [c], 65-3.3 [e]). However, in opposition to the motion, plaintiff submitted an affidavit from plaintiff's owner, which affidavit was sufficient to give rise to a presumption that the claim form had been timely mailed to, and received by, defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [*2][2001]). In light of the foregoing, contrary to defendant's contention, there is a triable issue of fact as to whether the claim at issue was timely submitted to defendant.
Although defendant also denied the claims underlying the first, second, and fourth through seventh causes of action based upon the workers' compensation fee schedule, defendant failed to establish as a matter of law that the fees charged exceeded the amounts set forth in the workers' compensation fee schedule (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]) or that there had been duplicate billing. Therefore, defendant was not entitled to summary judgment dismissing the first, second, and fourth through seventh causes of action on this ground.
To the extent defendant sought summary judgment dismissing the third cause of action on the ground that defendant had never received the claim form underlying this cause of action, defendant's conclusory denial of receipt was insufficient to make a prima facie showing of defendant's entitlement to summary judgment dismissing that cause of action (see e.g. Compas Med., P.C. v Farm Family Cas. Ins. Co., 38 Misc 3d 142[A], 2013 NY Slip Op 50254[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order, insofar as appealed from, is affirmed.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 11, 2016