Daniel Stephen Fontanella, D.C., as Assignee of APOLINAR CASTRO, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 5, 2014. The order denied defendant's motion for leave to renew its motion for summary judgment dismissing the complaint, which prior motion had been denied in an order of the same court (Maureen A. Healy, J.) entered November 4, 2013.




ORDERED that the order entered February 5, 2014 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that it had timely denied plaintiff's claims based on plaintiff's failure to appear for duly scheduled examinations under oath (EUOs). By order entered November 4, 2013, the Civil Court (Maureen A. Healy, J.) denied defendant's motion on the ground that defendant had failed to submit proof by someone with personal knowledge of the nonappearance of plaintiff at the EUOs, citing this court's decision in Alrof, Inc. v Safeco Natl. Ins. Co. (39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), which was decided while defendant's motion was pending. In Alrof, this court held that this court's earlier determination in W & Z Acupuncture, P.C. v Amex Asset Co. (24 Misc 3d 142[A], 2009 NY Slip Op 51732[U] [App Term, 2d Dept, 2nd, 11th & 13th Jud Dists 2009]) should no longer be followed. 
In November 2013, defendant moved for leave to renew its motion for summary judgment and submitted in support thereof an affidavit containing new facts, which affidavit, defendant contended, was sufficient under Alrof, to establish plaintiff's nonappearance at the EUOs. By order entered February 5, 2014, the Civil Court (Jodi Orlow, J.) denied the renewal motion on the ground that defendant had failed to set forth any new facts not previously available or to show a change in the law.
While we disagree with the Civil Court's determination that defendant's motion failed to satisfy the requirements of CPLR 2221 (e), turning to the merits of defendant's motion, we conclude that defendant failed to establish its entitlement to summary judgment.
With respect to the claim comprising the thirty-first cause of action, defendant failed to support the conclusory statement by its claim representative that the claim was "never mailed" to defendant. As to the remaining claims, defendant failed to establish that the denials were timely. The EUO scheduling letters were not sent within 30 days of the insurer's receipt of each of the claims (see O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op [*2]50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and we note that delay letters, which request no verification, do not toll the 30-day statutory time period within which a claim must be paid or denied (see Nyack Hosp. v Encompass Ins. Co., 23 AD3d 535 [2005]; Arco Med. NY, P.C. v Lancer Ins. Co., 37 Misc 3d 90 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, we need not reach the issue of whether defendant properly established plaintiff's nonappearance at the EUOs.
Accordingly, we affirm the February 5, 2014 order, albeit on a ground other than that stated by the Civil Court.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: November 17, 2016