Thomas Dow, D.C., P.C., as Assignee of Shellmeka Benjamin, Respondent,
against
New York Central Mutual Fire Ins. Co., Appellant.




Nightingale Law, P.C. (Michael S. Nightingale, Esq.), for appellant.
Baker Sanders, LLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, Fourth District (David A. Morris, J.), dated January 30, 2015. The order, insofar as appealed from as limited by the brief, denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover a specified amount in excess of the amount permitted by the workers' compensation fee schedule.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover a specified amount in excess of the amount permitted by the workers' compensation fee schedule is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing, among other things, so much of the complaint as sought to recover a specified amount which, defendant claimed, was in excess of the amount permitted by the workers' compensation fee schedule. In opposition to the motion, plaintiff submitted an affirmation by its counsel and an affidavit of medical necessity. The District Court denied that branch of defendant's motion, finding that defendant had failed to establish that it had timely denied the claims.
Contrary to the determination of the District Court, defendant established that it had timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]) its denial of claim forms. Furthermore, defendant made a prima facie showing that the amount plaintiff sought to recover was in excess of the amount permitted by the applicable workers' compensation fee schedules. In opposition, plaintiff failed to proffer evidence in admissible form sufficient to raise a triable issue of fact with respect to defendant's fee schedule defense. 
Accordingly, the order, insofar as appealed from, is reversed, and the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover a specified amount in excess of the amount permitted by the workers' compensation fee [*2]schedule is granted.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 13, 2017