Alleviation Medical Services, P.C., as Assignee of Pierre, James, Respondent,
against
New York Central Mutual Fire Insurance Company, Appellant.




 Gullo & Associates, LLP (Cristina Carollo, Esq.), for appellant.
 Gary Tsirelman, P.C. (Daria Klein, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered February 28, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which denied defendant's motion for summary judgment dismissing the complaint.
Contrary to defendant's contention, the Civil Court properly held that defendant had failed to establish the timely and proper mailing of the independent medical examination (IME) scheduling letters. Defendant's moving papers stated that IME scheduling letters are sent to the address the assignor puts on the NF-2 form or to the address which is provided by the assignor's counsel. While defendant further stated that a copy of the NF-10 denial of claim form is sent to the plaintiff's assignor, the address to which the IME scheduling letter was sent was "East 107th St," while the NF-10 form stated that the assignor resided on "East 106th St." A presumption of receipt arises only where there is proof of a proper mailing (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Infinity Health Prods., Ltd. v Redland Ins. Co., 39 Misc 3d 140[A], 2013 NY Slip Op 50751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). To the extent that copies of the IME scheduling letters were sent to an attorney, there is nothing in the record to suggest that plaintiff's assignor was represented by that attorney. Consequently, defendant's moving papers failed to demonstrate that the IMEs had been properly scheduled (see Great Health Care Chiropractic, P.C. v Citiwide Auto Leasing, 43 Misc 3d 127[A], 2014 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Infinity Health Prods., Ltd., 39 Misc 3d 140[A], 2013 NY Slip Op 50751[U]; cf. Star Med. [*2]Servs., P.C. v Allstate Ins. Co., 11 Misc 3d 131[A], 2006 NY Slip Op 50344[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]) and, thus, that it is entitled to summary judgment dismissing the complaint.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017