Metro Pain Specialist, P.C., as Assignee of Ronald Gails, Respondent, 
against
Hertz Co., Appellant. 




Robyn M. Brilliant, P.C. (Robyn M. Brilliant of counsel), for appellant.
The Rybak Firm, PLLC (Damin Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered January 24, 2018. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint and, upon denying plaintiff's cross motion for summary judgment, made, in effect, CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that the policy limits had been exhausted and plaintiff cross-moved for summary judgment. Insofar as is relevant to this appeal, the Civil Court denied defendant's motion, and, upon denying plaintiff's cross motion for summary judgment, made, in effect, CPLR 3212 (g) findings that the only remaining issues for trial were defendant's defenses that the policy limits had been exhausted, that defendant had never received the claim for services rendered on June 26, 2015, and that the amount sought exceeded the amount permitted by the workers' compensation fee schedule.
Contrary to defendant's contention, it failed to establish, as a matter of law, an exhaustion of the coverage limits of the insurance policy at issue, as it did not demonstrate that the policy had been exhausted at the time the claim at issue was complete (see 11 NYCRR 65-3.15; Nyack [*2]Hosp. v General Motors Acceptance Corp., 8 NY3d 294 [2007]). Consequently, defendant did not establish its entitlement to summary judgment dismissing the complaint on that ground.
While the affidavit of defendant's claims adjuster demonstrated, prima facie, that defendant had not received the claim form for services rendered on June 26, 2015, in opposition to the motion, plaintiff submitted an affidavit from plaintiff's owner, which affidavit was sufficient to give rise to a presumption that the subject claim form had been timely mailed to, and received by, defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; see also Compas Med., P.C. v New York Cent. Mut. Fire Ins. Co., 50 Misc 3d 146[A], 2016 NY Slip Op 50307[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In light of the foregoing, there is a triable issue of fact as to whether the claim at issue was timely submitted to defendant.
To the extent defendant argues that it was entitled to summary judgment on the ground that the fees sought exceeded the amount permitted by the fee schedule, such an argument is devoid of merit. Defendant's motion did not seek summary judgment on this ground and defendant offered zero evidence to support such a defense.
Contrary to defendant's contention, defendant fails to articulate a sufficient basis to strike the Civil Court findings, in effect pursuant to CPLR 3212 (g), in plaintiff's favor (see EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Defendant's remaining contention lacks merit.
Accordingly, the order, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019