Tsatskis v Travelers Ins. Co. (2020 NY Slip Op 51323(U))

[*1]

Tsatskis v Travelers Ins. Co.

2020 NY Slip Op 51323(U) [69 Misc 3d 138(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1376 K C

Boris Tsatskis, M.D., as Assignee of Claude
Louis, Appellant, 
against
Travelers Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Aloy O. Ibuzor (William P. Kleen of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L.
Thompson, J.), entered February 28, 2018. The order, insofar as appealed from as limited by the
brief, granted the branches of defendant's motion seeking summary judgment dismissing the
second through ninth causes of action and denied the branches of plaintiff's cross motion seeking
summary judgment upon those causes of action.

ORDERED that the order, insofar as appealed from, is modified by providing that the
branches of defendant's motion seeking summary judgment dismissing the second through ninth
causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed,
without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint, asserting, insofar as is relevant to this appeal,
that it had not received the claims underlying the second, third, and sixth through ninth causes of
action, and that with respect to the fourth and fifth causes of action, plaintiff had not complied
with a condition precedent to coverage because he had failed to appear for duly scheduled
examinations under oath (EUOs). Plaintiff cross-moved for summary judgment. By order entered
February 28, 2018, the Civil Court, insofar as is relevant to this appeal, granted the branches of
defendant's motion seeking summary judgment dismissing the second through ninth causes of
action and denied the branches of plaintiff's cross motion seeking summary judgment upon those
causes of action.
The affidavit of defendant's claims litigation representative established that defendant had
[*2]not received the claim forms underlying the second, third, and
sixth through ninth causes of action. However, in opposition to the motion, plaintiff submitted an
affidavit from plaintiff's owner, which affidavit was sufficient to give rise to a presumption that
those claim forms had been timely mailed to, and received by, defendant (see Residential
Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; see also Compas Med., P.C. v New York
Cent. Mut. Fire Ins. Co., 50 Misc 3d 146[A], 2016 NY Slip Op 50307[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2016]). In light of the foregoing, there is a triable issue
of fact as to whether those claims were timely submitted to defendant.
Plaintiff correctly argues that defendant failed to demonstrate that it was entitled to summary
judgment dismissing the fourth and fifth causes of action based on plaintiff's failure to appear for
EUOs, as the initial EUO request had been sent more than 30 days after defendant had received
the claims underlying those causes of action, and, therefore, the request was a nullity as to those
claims (see Neptune Med. Care, P.C. v
Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d
134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2015]). However, plaintiff failed to demonstrate its prima facie entitlement to summary judgment
on these causes of action, as the proof submitted in support of its motion failed to establish either
that the claims had not been timely denied or that defendant had issued timely denial of claim
forms that were conclusory, vague or without merit as a matter of law (see Insurance Law
§ 5106 [a]; Westchester Med. Ctr.
v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches
of defendant's motion seeking summary judgment dismissing the second through ninth causes of
action are denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020