SK Prime Med. Supply v MVAIC (2021 NY Slip Op 51200(U))

[*1]

SK Prime Med. Supply v MVAIC

2021 NY Slip Op 51200(U) [73 Misc 3d 141(A)]

Decided on December 10, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2018-1175 K C

SK Prime Medical Supply, as Assignee of
Gonzalez, Anibal, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Barbara Carabell of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court, Kings County (Rosemarie Montalbano, J.), entered
May 7, 2018. The order, insofar as appealed from, denied defendant's motion for summary
judgment dismissing the complaint, and, upon denying plaintiff's motion for summary judgment,
made implicit CPLR 3212 (g) findings in plaintiff's favor.

ORDERED that the order, insofar as appealed from, is modified by providing that the
implicit CPLR 3212 (g) findings in plaintiff's favor are vacated and the matter is remitted to the
Civil Court for a hearing in accordance with the decision herein and a new determination
thereafter on defendant's motion for summary judgment dismissing the complaint; as so
modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant Motor
Vehicle Accident Indemnification Corporation (sued herein as MVAIC) moved for summary
judgment dismissing the complaint in the grounds that the statute of limitations had expired and
that defendant had never received the claims at issue. Plaintiff cross-moved for summary
judgment. In an order entered May 7, 2018, the Civil Court denied MVAIC's motion, stated that
plaintiff's cross motion "was granted" to the extent that plaintiff had "established its prima facie
case," and that the "action is to proceed to trial solely on issue of [defendant's] defense[s] of
non-receipt [and statute of limitations]."
At the outset, we note that the Civil Court order was internally inconsistent. A no-fault
plaintiff's prima facie showing includes proof of the submission of the claim form(s) (Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]). To find, in essence, that it was "incontrovertible" for "all [*2]purposes in the action" (CPLR 3212 [g]) that plaintiff had mailed
the claim forms to defendant is inconsistent with also finding, essentially, that there are issues of
fact as to whether MVAIC received the claims at issue (see Parisien v Travelers Ins. Co., 65 Misc 3d 154[A], 2019 NY Slip
Op 51895[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Irina Acupuncture, P.C. v Auto One Ins.
Co., 59 Misc 3d 147[A], 2018 NY Slip Op 50781[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2018]).
Here, MVAIC made a prima facie showing that it had not received the claim forms at issue;
however, the affidavit submitted by plaintiff's owner was sufficient to give rise to a presumption
that those claim forms had been timely mailed to, and received by, MVAIC (see Residential
Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). If the subject claim forms were
mailed by plaintiff on the date it alleges, and were received by MVAIC, the branch of MVAIC's
motion which asserts that the statute of limitations had expired before plaintiff commenced this
action upon such claim forms should be granted, and such a dismissal would be with prejudice.
However, if MVAIC sufficiently establishes that it never received them, the branch of MVAIC's
motion which asserts that these causes of action are premature should instead be granted (see Veraso Med. Supply Corp. v NY City
Tr. Auth., 63 Misc 3d 152[A], 2019 NY Slip Op 50754[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]), which dismissal would be without prejudice. As a result, we
are of the opinion that, under the circumstances presented, a hearing is necessary pursuant to
CPLR 2218, on the limited issue of whether plaintiff mailed and MVAIC received the claim
forms at issue (see Charles Deng
Acupunc v MVAIC, 66 Misc 3d 129[A], 2019 NY Slip Op 52049[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2019]; Med-Tech Prods., Inc. v Statewide Ins. Co., 35 Misc 3d 128[A],
2012 NY Slip Op 50584[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Park Slope Med. & Surgical Supply,
Inc. v GEICO Ins. Co., 27 Misc 3d 131[A], 2010 NY Slip Op 50650[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2010]; see also Uniform Rules for NY City Civ Ct
[22 NYCRR] § 208.11 [b] [4]), as the findings made after such a hearing will prove
dispositive.
Accordingly, the order, insofar as appealed from, is modified by providing that the implicit
CPLR 3212 (g) findings in plaintiff's favor are vacated and the matter is remitted to the Civil
Court for a framed issue hearing (see CPLR 2218) to determine whether MVAIC
received the claim forms at issue and thus, the ground upon which defendant's motion for
summary judgment dismissing the complaint shall be granted.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2021