Columbus Imaging Ctr., LLC v National Liab. & Fire Ins. Co. (2022 NY Slip Op
50556(U))

[*1]

Columbus Imaging Ctr., LLC v National Liab. & Fire Ins.
Co.

2022 NY Slip Op 50556(U) [75 Misc 3d 136(A)]

Decided on June 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1280 K C

Columbus Imaging Center, LLC, as
Assignee of Kone, Mohamed, Appellant, 
against
National Liability & Fire Insurance Company, Respondent.

The Rybak Firm, PLLC, (Damin J. Toell of counsel), for appellant.
Law Offices of Moira Doherty, P.C. (Maureen Knodel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered April 30, 2019. The order granted defendant's motion for summary
judgment dismissing the complaint and denied plaintiff's cross motion for summary
judgment.

ORDERED that the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied; as so modified, the order is affirmed, without
costs.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court
granted defendant's motion for summary judgment dismissing the complaint on the ground that
plaintiff's assignor had failed to appear for independent medical examinations (IMEs) and denied
plaintiff's cross motion for summary judgment.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant in support of its
motion did not sufficiently set forth a standard office practice or procedure that would ensure that
the letters scheduling the IMEs were properly addressed and timely mailed (see St. Vincent's Hosp. of Richmond v
Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Residential Holding Corp. v
Scottsdale Ins. Co., 286 AD2d 679 [2001]). As a result, defendant failed to demonstrate that
the IMEs were properly scheduled and, thus, that plaintiff's assignor had failed to appear at duly
scheduled IMEs (see Stephen Fogel
Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]; Neptune Med. Care, P.C. v Praetorian Ins.
Co., 64 Misc 3d 132[A], 2019 NY Slip Op 51052[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2019]). Consequently, defendant's motion seeking summary judgment on
the ground that plaintiff's assignor had failed to appear for IMEs should have been denied. We
reach no other issue with respect to defendant's motion for summary judgment.
However, contrary to plaintiff's contention, it failed to demonstrate its prima facie [*2]entitlement to summary judgment, as the affidavit plaintiff
submitted in support of its motion failed to establish that the claim at issue had not been timely
denied (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a
timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's motion for summary
judgment dismissing the complaint is denied.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 3, 2022