PFJ Med. Care, P.C. v Nationwide Ins. (2022 NY Slip Op 50783(U))

[*1]

PFJ Med. Care, P.C. v Nationwide Ins.

2022 NY Slip Op 50783(U) [76 Misc 3d 128(A)]

Decided on August 5, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 5, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1380 K C

PFJ Medical Care, P.C., as Assignee of
Ferril, Gabriel, Appellant, 
against
Nationwide Ins., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Hollander Legal Group, P.C. (Allan Hollander of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered June 12, 2019. The order, insofar as appealed from, granted the
branches of defendant's motion seeking summary judgment dismissing the first through seventh
and tenth causes of action, and denied plaintiff's cross motion for summary judgment.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from so much of an order of the Civil Court as granted the branches of defendant's motion
seeking summary judgment dismissing the first through seventh and tenth causes of action, and
denied plaintiff's cross motion for summary judgment.
To the extent plaintiff contends that defendant was not entitled to summary judgment
dismissing the first through seventh and tenth causes of action, for the reasons stated in ACH
Chiropractic, P.C., as Assignee of Ferril, Gabriel J. v Nationwide Ins. (— Misc 3d
—, 2022 NY Slip Op — [appeal No. 2019-1357 K C], decided herewith), plaintiff's
contentions lack merit.
With respect to plaintiff's argument that it was entitled to summary judgment upon the eighth
and ninth causes of action, the affidavit submitted by plaintiff's owner was insufficient to give
rise to a presumption that those claim forms had been timely mailed to, and received by,
defendant (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]).
As a result, the branches of plaintiff's cross motion seeking summary judgment on the eighth and
ninth causes of action were properly denied.
Accordingly, the the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 5, 2022