OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and the branch of plaintiffs’ motion seeking an order, pursuant to CPLR 3212 (g), deeming certain facts established for all purposes in the action is denied.
In this action by providers to recover assigned first-party no-fault benefits, the Civil Court denied plaintiffs’ motion for summary judgment on the ground that plaintiffs had failed to establish their prima facie case. On appeal, this court affirmed the order, stating that, while plaintiffs had established their prima facie entitlement to summary judgment, defendant had demonstrated that there was a triable issue of fact (A.B. Med. Servs., PLLC v Utica Mut. Ins. Co., 20 Misc 3d 144[A], 2008 NY Slip Op 51859[U] [App Term, 2d & 11th Jud Dists 2008]). Plaintiffs then moved in the Civil Court for, among other things, an order, pursuant to CPLR 3212 (g), deeming the facts necessary to demonstrate plaintiffs’ prima facie case established for all purposes in the action, arguing that they were entitled to such relief in light of this court’s prior determination that plaintiffs had established their prima facie case but that defendant’s papers were sufficient to raise a triable issue of fact. The Civil Court granted this branch of plaintiffs’ motion, and defendant appeals.
An order deciding a motion for summary judgment determines only whether the affidavits and proofs submitted to the court in support of, or in opposition to, the motion entitle a party to a pretrial judgment (see CPLR 3212 [b]; Cushman & Wakefield v 214 E. 49th St. Corp., 218 AD2d 464, 468 [1996]). A court’s finding that a movant has made a prima facie showing of its entitlement to summary judgment represents nothing other than that the movant has shifted the burden to the opposing *65 party to raise a triable issue of fact, just as a court’s “denial of a motion for summary judgment establishes nothing except that summary judgment is not warranted at this time” (Siegel, NY Prac § 287, at 487 [5th ed]).
In our prior order, we found only that plaintiff had submitted proof, in admissible form, of each fact required to demonstrate its entitlement to judgment as a matter of law. The order did not include a finding, either explicit or implicit, that such facts were incontrovertible, and thus that they could be deemed established for all purposes in the action pursuant to CPLR 3212 (g). Indeed, the very shifting of the burden of proof upon a finding that a plaintiff has demonstrated its prima facie entitlement to summary judgment presupposes that the defendant, in opposition, might be able to rebut any aspect of the plaintiffs case. It follows, then, that there is nothing in this court’s order suggesting that defendant could not, at trial, dispute any aspect of plaintiffs’ case. As a result, the Civil Court improperly relied upon this court’s prior order in limiting the issues for trial pursuant to CPLR 3212 (g).
Accordingly, so much of the order as granted the branch of the motion seeking relief pursuant to CPLR 3212 (g) is reversed, and said branch of the motion is denied.
Steinhardt, J.P, Golla and Rios, JJ., concur.