OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that the action is premature since plaintiff had not responded to its verification requests. The Civil Court denied defendant’s motion, finding that a triable issue of fact existed as to whether the requests had been received by plaintiff.
As a preliminary matter, we note that, contrary to the apparent positions of both parties on appeal, the order appealed from does not limit the issues for trial pursuant to CPLR 3212 (g) (see generally A.B. Med. Servs., PLLC v Utica Mut. Ins. Co., 32 Misc 3d 63 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Since a claim need not be paid or denied until all demanded verification is provided (see Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553, 554 [1999]), any action to recover payment is premature when the provider has failed to respond to a request for verification (see Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co., 24 AD3d 492, 493 [2005]). Here, in support of its motion, defendant made a prima facie showing that it had timely mailed three initial and three follow-up requests for verification to plaintiff, with carbon copies mailed to plaintiffs attorney, in accordance with its standard mailing practices and procedures (see Insurance Department Regulations [11 NYCRR] §§ 65-3.5 [b]; 65-3.6 [b]; St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). This gave rise to a rebuttable presumption that the requests had been received by both plaintiff and its at *61 torney (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]).
It is undisputed that plaintiff did not respond to the requests. However, in opposition to defendant’s motion, plaintiff submitted an affidavit executed by its owner in which he described plaintiffs practices and procedures that result in all mail being recorded in plaintiffs computer system on the date of receipt, as well as being physically filed in the appropriate “patient” file. Plaintiffs owner stated that he had reviewed the computer file and the physical file for the “patient” at issue, and that plaintiff has no record of having received verification requests for the claims at issue.
For the purpose of determining whether a no-fault insurer’s time to pay or deny a claim has been tolled (see Insurance Department Regulations [11 NYCRR] § 65-3.8 [a] [1]), a request for written verification that the insurer communicates to the applicant by mail is complete upon its delivery to the United States Postal Service (cf. CPLR 2103 [b] [2]). Thus, contrary to the finding of the Civil Court, the operative question in this case is not whether the requests were received by plaintiff, but whether defendant mailed them. Here, by rebutting the presumption of receipt, plaintiff raised a triable issue of fact as to whether the verification requests had been properly mailed to plaintiff in the first place.
Defendant correctly asserts that plaintiff did not make a prima facie showing that its attorney had not received the carbon copies of the verification requests that allegedly had been sent to counsel’s office. However, contrary to defendant’s argument, receipt of such letters did not give rise to a duty on the part of plaintiff’s counsel to forward these requests to plaintiff since, on their face, they purport to duplicate letters simultaneously sent to plaintiff (but cf. New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co., 293 AD2d 588, 590-591 [2002]; Great Wall Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 22 Misc 3d 136[A], 2009 NY Slip Op 50294[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the order is affirmed.
Weston, J.P., Aliotta and Solomon, JJ., concur.