Island Life Chiropractic, P.C., as Assignee of CONNIE STEVENSON, Appellant,
against
Country Wide Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), entered October 10, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.
In support of its cross motion for summary judgment, defendant asserted that there was no coverage for the accident because plaintiff's assignor's insurance policy had been cancelled prior to the accident. The supporting affidavits of defendant's employees both stated that the notice of cancellation had been issued and mailed to the assignor on June 28, 2011, and the affidavit of defendant's underwriting supervisor simply stated that the notice had been mailed in the regular course of business. While the affidavit of defendant's no-fault litigation supervisor described defendant's mailing practices and procedures with respect to claims processing, it did not describe the process involved where other correspondence, such as a notice of cancellation, is mailed. As a result, defendant failed to establish, prima facie, that the notice of cancellation had been mailed to the insured in order to effectuate the cancellation (see generally Vehicle and Traffic Law § 313; Banking Law § 576). Therefore, defendant was not entitled to summary judgment dismissing the complaint on this basis.
The affidavit of defendant's no-fault litigation supervisor, however, was sufficient to establish, prima facie, defendant's alternative ground for relief, i.e., that it had not received the claim form at issue. In opposition, plaintiff submitted an affidavit by its owner demonstrating that the claim form had been mailed to defendant. Consequently, a triable issue of fact exists as to the submission of the claim form (see Compas Med., P.C. v 21st Century Ins. Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50388[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44 Misc 3d 59 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also Lenox Hill Radiology v Great N. Ins. Co., 50 [*2]Misc 3d 142[A], 2016 NY Slip Op 50206[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; cf. Bright Med. Supply Co. v Tri State Consumer Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment is denied.
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: September 21, 2016