Irina Acupuncture, P.C., as Assignee of Foster, Down P., Respondent, 
against
Auto One Ins. Co., Appellant.




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum of counsel), for appellant.
Law Offices of Ilona Finkelshteyn, P.C. (Marina Josovich of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered January 26, 2016. The order, insofar as appealed from and as limited by the brief, granted the branches of plaintiff's motion seeking summary judgment on the second through fourth causes of action.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branches of plaintiff's motion seeking summary judgment on the second through fourth causes of action are denied.
In this action by a provider to recover assigned first-party no-fault benefits, insofar as is relevant to this appeal, plaintiff moved for summary judgment on the second through fourth causes of action, and defendant opposed those branches of plaintiff's motion on the ground that defendant had timely and properly denied the claims at issue based upon the late submission of the claim forms underlying those causes of action (see 11 NYCRR 65—2.4 [c]). By order entered January 26, 2016, insofar as appealed from, the Civil Court granted the branches of plaintiff's motion at issue, finding that plaintiff had established that it had timely mailed its claim forms and that defendant's affidavit did not rebut plaintiff's prima facie case.
In support of its motion for summary judgment, plaintiff's proof of its submission of the claim forms at issue to defendant was based upon a standard mailing practice and procedure (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In opposition, defendant demonstrated that it had received the claim forms more than 45 days after the services at issue had been rendered and that it had properly mailed (see id.) denial of claim forms within 30 days of its receipt of the claim forms, which denials were based upon the late submission of the claims.
Proof that documents are mailed in accordance with a standard mailing practice and procedure gives rise to a rebuttable presumption that the documents have been received (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Contrary to the Civil Court's finding, by demonstrating that it had received the claim forms at issue long after plaintiff claims to have mailed them, defendant raised a triable issue of fact as to whether plaintiff's practices and procedures resulted in the timely mailing of the claim forms to defendant (see Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44 Misc 3d 59 [App Term, 2d, Dept, 2d, 11th & 13th Jud Dists 2014]). Thus, plaintiff is not entitled to summary judgment on the second through fourth causes of action (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]).
Accordingly, the order, insofar as appealed from, is reversed and the branches of plaintiff's motion seeking summary judgment on the second through fourth causes of action are denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 25, 2018