Jules Francois Parisien, M.D., as Assignee of Elvis Gregoine, Appellant, 
against
21st Century Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Sharon A. Brennan of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered May 11, 2016. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the second through fifth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the second and fifth causes of action are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Insofar as is relevant to this appeal, the Civil Court granted the branches of defendant's cross motion seeking summary judgment dismissing: (1) the second cause of action on the ground that defendant had never received the underlying claim form; (2) the third cause of action on the ground that defendant had fully paid plaintiff in accordance with the workers' compensation fee schedule; and (3) the fourth and fifth causes of action on the ground that plaintiff had failed to appear for examinations under oath (EUOs). The Civil Court also denied the branches of plaintiff's motion seeking summary judgment on those causes of action.
Plaintiff correctly argues that it made a prima facie showing that the claim underlying the second cause of action had been mailed to defendant in accordance with plaintiff's standard [*2]mailing practice and procedure (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). However, defendant's showing that it had not received the claim form at issue underlying the second cause of action demonstrated that there is a triable issue of fact as to whether this claim form was timely mailed to defendant (see Irina Acupuncture, P.C. v Auto One Ins. Co., 59 Misc 3d 147[A], 2018 NY Slip Op 50781[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44 Misc 3d 59 [App Term, 2d, Dept, 2d, 11th & 13th Jud Dists 2014]). As a result, neither party is entitled to summary judgment upon the second cause of action.
Plaintiff's contention that defendant is not entitled to summary judgment upon the third cause of action will not be considered, as it is being raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]).
Plaintiff argues that defendant was not entitled to summary judgment upon the fourth and fifth causes of action because the follow-up EUO scheduling letters were sent more than 10 calendar days after plaintiff had failed to appear for separately scheduled EUOs with respect to the claims underlying the fourth and fifth causes of action. The record establishes that, with respect to the claim underlying the fourth cause of action, after plaintiff failed to appear for the first scheduled EUO, defendant timely mailed a second EUO scheduling letter (see 11 NYCRR 65-3.6 [b]).
However, with respect to the claim underlying the fifth cause of action, the record establishes that, after plaintiff failed to appear for the first scheduled EUO, defendant's follow-up scheduling letter for that EUO was mailed more than 10 days later. As a result, this follow-up scheduling letter was untimely (see 11 NYCRR 65-3.6 [b]) and the branch of defendant's cross motion seeking summary judgment dismissing the fifth cause of action due to plaintiff's failure to appear for EUOs should have been denied. However, the branch of plaintiff's motion seeking summary judgment upon this cause of action was properly denied, as the proof submitted in support of plaintiff's motion failed to establish either that the claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the second and fifth causes of action are denied.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 08, 2019