Jules Francois Parisien, M.D., as Assignee of Foster, Denise, Respondent,
against
Travelers Insurance Company, Appellant.




Law Office of Aloy O. Ibuzor (Jerome F. X. Hoffman of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J. McAllister, J.), entered April 25, 2018. The order, insofar as appealed from, denied defendant's cross motion for summary judgment dismissing the complaint and, upon denying plaintiff's motion for summary judgment, made implicit CPLR 3212 (g) findings in plaintiff's favor.




ORDERED that the order, insofar as appealed from, is modified by providing that the implicit CPLR 3212 (g) findings in plaintiff's favor are vacated; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that it had not received the claims at issue. In an order entered April 25, 2018, the Civil Court stated that plaintiff's motion "was granted" to the extent that plaintiff had "established its prima facie case for all purposes in the action as a matter of law"; that defendant's "mere denial of receipt of the claims at issue was insufficient to rebut the presumption of receipt established by [plaintiff's] proof of mailing"; that defendant's cross motion was denied "as there are material triable issues of fact"; and that the "action is to proceed to trial solely on issues of [defendant's] prima facie case and the defense of non-receipt."
We note that the Civil Court's order is internally inconsistent. First, the court appeared to find, implicitly pursuant to CPLR 3212 (g), that plaintiff had made a "prima facie case." [*2]However, if the court had truly found that plaintiff had established, as "incontrovertible," all elements of its prima facie case for "all purposes in the action" (CPLR 3212 [g]), "the court would have granted summary judgment to plaintiff" (EMC Health Prods., Inc. v Geico Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
Moreover, under the circumstances, finding, in essence, that it was "incontrovertible" for "all purposes in the action" (CPLR 3212 [g]) that plaintiff had mailed the claim forms to defendant is inconsistent with also finding that there are issues of fact as to defendant's defense that it had not received the claims at issue (see Irina Acupuncture, P.C. v Auto One Ins. Co., 59 Misc 3d 147[A], 2018 NY Slip Op 50781[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] ["by demonstrating that it had received the claim forms at issue long after plaintiff claims to have mailed them, defendant raised a triable issue of fact as to whether plaintiff's practices and procedures resulted in the timely mailing of the claim forms to defendant"]; Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44 Misc 3d 59, 61 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] ["by rebutting the presumption of receipt, plaintiff raised a triable issue of fact as to whether the verification requests had been properly mailed to plaintiff in the first place"]). Indeed, by, in effect, finding a triable issue of fact as to whether defendant received the claims at issue, the court contradicted its own statement that defendant's "mere denial of receipt of the claims at issue was insufficient to rebut the presumption of receipt established by [plaintiff's] proof of mailing." 
Defendant correctly argues on appeal that it submitted sufficient proof to demonstrate, prima facie, that it had not received plaintiff's claim forms. However, the affidavit of plaintiff's owner was sufficient to raise an issue of fact as to whether the claims had been mailed to defendant in accordance with a standard mailing practice and procedure (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). Thus, there is an issue of fact as to whether defendant had received the claims at issue and so defendant was not entitled to summary judgment dismissing the complaint (see Compas Med., P.C. v 21st Century Ins. Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50388[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. Bright Med. Supply Co. v Tri State Consumer Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51122[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order, insofar as appealed from, is modified by providing that the implicit CPLR 3212 (g) findings in plaintiff's favor are vacated.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019