Essential Health Chiropractic, P.C. v National Liab. & Fire Ins. Co. (2021 NY Slip Op
50881(U))

[*1]

Essential Health Chiropractic, P.C. v National Liab. & Fire Ins.
Co.

2021 NY Slip Op 50881(U) [73 Misc 3d 127(A)]

Decided on September 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2019-797 S C

Essential Health Chiropractic, P.C., as
Assignee of Julio David, Appellant, and New World Acupuncture, P.C., as Assignee of Julio
David, Plaintiff, 
against
National Liability & Fire Insurance Company, Respondent.

The Law Office of Gregory A. Goodman, P.C. (Gregory A. Goodman of counsel), for appellant.
Law Offices of Moira Doherty, P.C. (Maureen Knodel of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fourth District (C. Stephen
Hackeling, J.), dated April 16, 2019. The order, insofar as appealed from, granted the branch of
defendant's motion seeking summary judgment dismissing so much of the complaint as was
asserted by Essential Health Chiropractic, P.C. and denied the cross motion by Essential Health
Chiropractic, P.C. for summary judgment.

ORDERED that the order, insofar as appealed from, is modified by providing that the branch
of defendant's motion seeking summary judgment dismissing so much of the complaint as was
asserted by plaintiff Essential Health Chiropractic, P.C. is denied; as so modified, the order is
affirmed, without costs.
In this action by providers to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the ground that plaintiffs' assignor had failed
to appear for duly scheduled examinations under oath (EUOs) and independent medical
examinations (IMEs). Insofar as is relevant to this appeal, plaintiff Essential Health Chiropractic,
P.C. (Essential) opposed the motion and cross-moved for summary judgment. Essential appeals
from so much of the order of the District Court as granted the branch of [*2]defendant's motion seeking summary judgment dismissing so much
of the complaint as was asserted by Essential and denied the cross motion by Essential for
summary judgment.
While defendant made a prima facie showing that the NF-10 forms denying claims which
Essential had submitted were mailed, the affidavit of Essential's owner was sufficient to raise an
issue of fact as to whether the denial of claim forms at issue had been mailed to Essential (see
Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Healing Health Prods., Inc. v New York
Cent. Mut. Fire Ins. Co., 44 Misc 3d 59 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2014]). As an issue of fact exists, neither defendant nor Essential is entitled to summary
judgment on so much of the complaint as was asserted by Essential (see Zuckerman v City of
New York, 49 NY2d 557 [1980]). 
The record before us also indicates that defendant failed to establish that it had timely and
properly mailed (see St. Vincent's Hosp.
of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) letters scheduling
EUOs of Essential's assignor, for which Essential's assignor failed to appear, and that the
assignor had also failed to appear for scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35
AD3d 720 [2006]). In view of the foregoing, defendant failed to demonstrate its entitlement
to summary judgment dismissing Essential's claims based upon the assignor's failure to comply
with conditions precedent to coverage (see id.). 
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of
defendant's motion seeking summary judgment dismissing so much of the complaint as was
asserted by plaintiff Essential Health Chiropractic, P.C. is denied.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 9, 2021