Wave Med. Servs., P.C. v Hertz Vehs., LLC (2022 NY Slip Op 50908(U))

[*1]

Wave Med. Servs., P.C. v Hertz Vehs., LLC

2022 NY Slip Op 50908(U) [76 Misc 3d 131(A)]

Decided on August 26, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 26, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-579 K C

Wave Medical Services, P.C., as Assignee
of Green, Nathaniel, Respondent,
against
Hertz Vehicles, LLC, Appellant. 

Law Office of Robyn M. Brilliant (Robyn M. Brilliant and Tori Buttrum of counsel), for
appellant.
The Rybak Firm, PLLC (Damin Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F.
Campanelli, J.), entered January 24, 2018. The order, insofar as appealed from, "granted"
plaintiff's cross motion for summary judgment to the extent of finding, purportedly pursuant to
CPLR 3212 (g), that plaintiff "established its prima facie case for all purposes in the action as a
matter of law[ and t]he action is to proceed to trial solely on the issues raised by [defendant] in its
denials/Answer."

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, plaintiff's
cross motion for summary judgment is denied, and the purported CPLR 3212 (g) findings that
plaintiff "established its prima facie case for all purposes in the action as a matter of law[ and
t]he action is to proceed to trial solely on the issues raised by [defendant] in its denials/Answer"
are vacated.
In this action by a provider to recover assigned first-party no-fault benefits, defendant's
answer denied the allegation that it had received the claims at issue and included the assertion
that plaintiff had not timely submitted its claims. After issue was joined, defendant moved to
compel plaintiff to provide requested discovery (see CPLR 3124) and plaintiff
cross-moved for summary judgment. In opposition to plaintiff's cross motion, defendant
submitted an affidavit of [*2]its no-fault claims adjuster who
attested that defendant had never received the claims at issue. In an order entered January 24,
2018, the Civil Court stated the following:
"Both motions are granted to the following extent and the following facts are not in
dispute and are deemed established for trial for all purposes pursuant to CPLR 3212 (g).
[Plaintiff] is to provide outstanding discovery to the extent not previously provided within 60
days of this decision [and] order or be precluded from offering those items demanded, but not
provided. [Plaintiff] established its prima facie case for all purposes in the action as a matter of
law. The action is to proceed to trial solely on the issues raised by [defendant] in its
denials/Answer." On appeal, defendant argues that the Civil Court erred
in "granting" plaintiff's cross motion "to the extent" of making purported CPLR 3212 (g)
findings.
At a trial, a no-fault plaintiff's prima facie burden is to demonstrate that the claim forms at
issue were received by the defendant insurer and that the claims were not paid (see Viviane Etienne Med. Care, P.C. v
Country-Wide Ins. Co., 114 AD3d 33 [2013]; Alev Med. Supply, Inc. v Geico Gen. Ins. Co., 44 Misc 3d 131[A],
2013 NY Slip Op 52322[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In order
to demonstrate its prima facie entitlement to judgment as a matter of law on a motion for
summary judgment, the plaintiff has the additional burden (see CPLR 3212 [b]) of
demonstrating that the defendant failed to deny the claims within the prescribed 30-day period
(see Insurance Law § 5106 [a]; Viviane Etienne Med. Care, P.C., 114 AD3d
33), or issued timely denial of claim forms that were conclusory, vague or without merit as a
matter of law (see Westchester Med.
Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co.,
32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2011]). CPLR 3212 (g) permits a court, upon the denial of all or part of a motion for
summary judgment, to "ascertain what facts are not in dispute or are incontrovertible" and to
"make an order specifying such facts and they shall be deemed established for all purposes in the
action." 
The order herein, insofar as appealed from, states that plaintiff's cross motion is "granted" to
the extent of finding, pursuant to CPLR 3212 (g), that plaintiff "established its prima facie case
for all purposes in the action as a matter of law," but also directs that a trial be held "on the issues
raised by [defendant] in its denials/Answer." This order, which does not specify "what facts are
not in dispute or are incontrovertible"—the essence of CPLR 3212 (g)—can be read
in different ways, all of which are problematic.[FN1]

The Civil Court's statement that plaintiff established its prima facie case for all purposes in
this action could be interpreted to mean that the record established, as incontrovertible for all
purposes in the action, every element of plaintiff's prima facie burden on summary judgment,
which includes establishing that any defense lacks merit (see CPLR 3212 [b]). However,
that cannot be what the court intended, because it then would have had to grant plaintiff's motion
outright (see EMC Health Prods., Inc. v
GEICO Ins. Co., 43 Misc 3d 139[A], 2014 NY Slip Op 50786[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2014]), which it did not do, but rather ordered a trial.
The Civil Court's language could also be interpreted to mean that the record established, as
incontrovertible for all purposes in the action, that defendant received the claim forms at issue,
an element of a no-fault plaintiff's prima facie case, whether at trial or in summary judgment
(see 11 NYCRR 65-3.8 [a] [1] ["(n)o-fault benefits are overdue if not paid within 30
calendar days after the insurer receives proof of claim" (emphasis added)]). However,
defendant alleged, both in its answer and in its opposition to plaintiff's cross motion for summary
judgment, that it never received the claim forms at issue. Evidence that an insurer did not receive
the claim forms is a rebuttal of plaintiff's prima facie case even at trial and, if accepted by the
court, a complete defense to the action. But again this interpretation could not have been the
court's intention, because it would be inconsistent with the court's directive that a trial be held on
"the issues raised in its . . . Answer," i.e., that defendant did not receive the claim forms.
The Civil Court's language could also lend itself to the interpretation that the record
established, as incontrovertible for all purposes in the action, that plaintiff had mailed the claim
forms to defendant. This reading is also problematic. "[P]roof of proper mailing gives rise to a
presumption that the item was received by the addressee" (Residential Holding Corp. v
Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]). However, that presumption is rebuttable. A
rebuttal of the presumption of receipt can also constitute a rebuttal of the proof of
mailing—while it can be true both that a provider mailed a claim form to an insurer and
that the insurer did not receive it, on a motion for summary judgment, proof of nonreceipt calls
into question whether the claim forms were ever mailed in the first instance (see Parisien v Travelers Ins. Co., 65
Misc 3d 154[A], 2019 NY Slip Op 51895[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]; Irina Acupuncture, P.C. v
Auto One Ins. Co., 59 Misc 3d 147[A], 2018 NY Slip Op 50781[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2018]; Healing Health Prods., Inc. v New York Cent. Mut. Fire Ins. Co., 44
Misc 3d 59, 61 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). A proposition
cannot be both rebuttable and incontrovertible at the same [*3]time. Thus, on this record, the court's apparent determination that
there is a triable issue of fact as to whether defendant received the claims—the basis for
holding a trial—cannot be reconciled with any interpretation of the court's order to the
effect that it is incontrovertible, based upon the motion papers, that plaintiff mailed the
claims.
In the alternative and in light of the above, by invoking CPLR 3212 (g) and limiting the trial
to "the issues raised by [defendant] in its denials/Answer," the Civil Court may have intended to
shift to defendant the burden of proof at trial regarding receipt of the claim forms and/or require
defendant to present its evidence on that issue first. However, it is not proper to use CPLR 3212
(g) to shift the burden or order of proof on an issue at trial (see Island Life Chiropractic, P.C. v Travelers Ins. Co., 64 Misc 3d
143[A], 2019 NY Slip Op 51273[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; A.B. Med. Servs., PLLC v Utica
Mut. Ins. Co., 32 Misc 3d 63 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2011]). Rather, as noted, CPLR 3212 (g) is to be used, where "practicable," only to "ascertain
which facts are not in dispute or are incontrovertible," and thereby limit the factual questions to
be tried. 
In view of the foregoing and upon the record presented, it was improper for the Civil Court
to make CPLR 3212 (g) findings and limit the issues for trial (cf. e.g. Bob Acupuncture, P.C. v New York Cent. Mut. Fire Ins. Co., 53
Misc 3d 135[A], 2016 NY Slip Op 51434[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2016]).
Accordingly, the order, insofar as appealed from, is reversed, plaintiff's cross motion for
summary judgment is denied, and the CPLR 3212 (g) findings that plaintiff "established its prima
facie case for all purposes in the action as a matter of law[ and t]he action is to proceed to trial
solely on the issues raised by [defendant] in its denials/Answer" are vacated.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 26, 2022

Footnotes

Footnote 1:We are aware that, in
determining no-fault summary judgment motions, courts often state, for example, that a
plaintiff's "prima facie case" has been determined pursuant to CPLR 3212 (g) or for all purposes
in the action. Such language is not technically correct; however, what courts are typically trying
to accomplish is to provide that a no-fault plaintiff's prima facie burden at trial—i.e., that
the claims were received by the insurer and not paid—has been incontrovertibly
established and that the plaintiff need not offer evidence as to those elements at the ensuing trial,
but that issues still remain to be tried relating to all or part of a defense raised by the insurer, such
as lack of medical necessity or failure to appear for an examination under oath, etc. In contrast
here, what is in dispute is an actual element of plaintiff's prima facie case at trial itself, to wit,
defendant's receipt of the claim forms.